UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Dwayne Freeman,

        Plaintiff,

  -v-                           **16-CV-06668**
                                   **DECISION AND ORDER**

Christopher Kirisits, Phil
Griffin, Colomba Misseritti,
Doug Lee, Cynthia Crowell,
Linda Gray, Lidia Colak,
Thomas Rinaldo, Andrew Cuomo,
and Rochester Psychiatric
Center,

        Defendants.

## I. Introduction

Plaintiff Dwayne Freeman ("plaintiff" or "Freeman"), former employee of defendant Rochester Psychiatric Center ("RPC"), an agency of the New York State Office of Mental Health ("OMH"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.*, seeking monetary, declaratory and injunctive relief for violations of his federal civil rights. The complaint alleges that plaintiff was unlawfully suspended without paid and later terminated after he requested a reasonable accommodation to be exempt from working in RPC's geriatric unit because it exacerbated his documented anxiety disorder.

Defendants filed a motion to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on December 2, 2016. For

the reasons stated in the Court's February 6, 2017 Decision and Order (Docket No. 17), it denied defendants' motion to dismiss plaintiff's employment discrimination claim pursuant to § 504 of the Rehabilitation Act against defendant RPC only and granted the motion to dismiss the complaint in all other respects. On March 3, 2017, plaintiff filed a motion for reconsideration of the Court's Decision and Order (Docket No. 24), a motion to amend the complaint (Docket No. 23), and a motion to modify his motion to amend by adding a declaration clause (Docket No. 25).

**II. Factual Background**

The parties' familiarity with the facts and history of this case, which are set forth more thoroughly in the Court's February 6, 2017 Decision and Order, is assumed.

Plaintiff was employed by RPC as a Mental Hygiene Therapy Aide from July 3, 2000 to April 18, 2016. Plaintiff asserts that he developed an anxiety disorder related to working conditions and events that had occurred when he was assigned to the geriatric unit (or "E-1 Unit"). In January or February 2015, plaintiff submitted a written request for a "reasonable accommodation" that relieved him of any duties on the E-1 Unit, at the recommendation of his therapist. His therapist opined that plaintiff was at risk of having angry outbursts if he was subjected to working with the geriatric residents.

2

On February 3, 2015, plaintiff refused several orders to report to the E-1 Unit and requested to be assigned to another unit. He was questioned in the Personnel Office and sent home later that day. On February 19, 2015, plaintiff was informed that he was being suspended without pay pending the outcome of a termination proceeding resulting from his insubordination. In his complaint, plaintiff alleges that all charges related to his alleged insubordination were based on documented medical reasons.

Following notice of the disciplinary charges against him, both an expedited hearing and a full-length pre-termination hearing were held. Plaintiff was found guilty of insubordination as charged, and he was ultimately terminated by RPC. Plaintiff filed an action against RPC and several individual RPC employees on October 11, 2016, alleging various violations of his procedural and substantive due rights, the Equal Protection Clause, and Section 504 of the Rehabilitation Act.

**III. Discussion**

    **A.    Motion to Reconsider**

The standard for granting a motion for reconsideration is strict and will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The Court has throughly considered the arguments raised by plaintiff in his motion and notes that they were previously raised

3

in his original memorandum of law in response to defendants' motion to dismiss the complaint. It is well settled that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. Not only is plaintiff seeking to relitigate issues that have already been reviewed by this Court, the motion to reconsider does not assert any controlling decisions or data overlooked by the Court that could "reasonably be expected to alter the conclusion reached" in its Decision and Order. *Shrader*, 70 F.3d at 257.

Consequently, Plaintiff's motion for reconsideration of the Court's February 6, 2017 Decision and Order is denied.

**B. Motion to Amend the Complaint**

In his related application, plaintiff has filed a motion seeking leave to amend the complaint in an attempt to allege, among other things, facts establishing his possession of a property right in his continued employment under the terms of a collective bargaining agreement ("CBA"). The Court has reviewed the proposed pleadings, which repeat the allegations of the original complaint apart from additional facts and documents concerning the terms of his employment under the collective bargaining agreement. The Court denies plaintiff leave to file an amended complaint for the reasons stated below.

As an initial matter, the Court denies plaintiff's motion for leave to amend as to plaintiff's Equal Protection Clause claims in

4

counts 17, 18, 19, and 20 of the proposed amended complaint for the reasons stated in the February 6, 2017 Decision and Order. *See Self v. LaValley*, No. 9:10-CV-1463 GTS/TWD, 2012 WL 7810950, at *13 (N.D.N.Y. Dec. 27, 2012) (holding that a proposed amended complaint repeating many of the claims raised in the original complaint is subject to dismissal), report and recommendation adopted, No. 9:10-CV-1463 GTS/TWD, 2013 WL 1294448 (N.D.N.Y. Mar. 27, 2013).

The Court further denies plaintiff leave to amend his substantive due process claims because the proposed pleadings mirror the substantive due process claims raised in the original complaint. Moreover, such claims are based on the same facts and circumstances underlying plaintiff's procedural due process claims. In any event, the Court further finds that both the original complaint and the proposed amended complaint fail to allege any conduct so egregious that it "goes beyond merely offending some fastidious squeamishness or private sentimentalism and can fairly be viewed as so brutal and offensive to human dignity as to shock the conscience." *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 173 (2d Cir. 2002). The most severe conduct alleged is that three of the defendants "led the Arbitrator to believe" that the E-1 Unit was no louder or noisier than any other RPC unit. This conduct, if true, falls well short of anything so brutal and offensive to human dignity as to shock the conscience, as does defendants' implementation of plaintiff's

5

unpaid suspension.  Consequently, leave to amend plaintiff's substantive due process claims is denied.

With respect to plaintiff's procedural due process claims, the Court agrees with plaintiff that it is well settled "that a collective bargaining agreement may give rise to a property interest in continued employment." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 314 (2d Cir. 2002). "A person's interest in [such] a benefit constitutes a 'legitimate claim of entitlement' if it is supported by contractual or statutory language that might be invoked at a hearing." *Danese v. Knox*, 827 F. Supp. 185, 190 (S.D.N.Y. 1993) (quoting *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). "[A]n *express restriction* on the right to discharge, and not simply an implied limitation, is essential." *McCarthy v. Bd. of Trustees of Erie Cmty. Coll.*, 914 F. Supp. 937, 942 (W.D.N.Y. 1996)(citing *Sabetay v. Sterling Drug*, Inc., 69 N.Y.2d 329, 336 (1987) (emphasis in original).

The Court finds that although the procedural due process allegations largely mirror those of the original complaint, the proposed pleadings, and the additional documents incorporated therein, have demonstrated, at this stage of proceedings, a property interest in plaintiff's continued employment that is sufficient to satisfy the first prong of the due process analysis. *See O'Connor v. Pierson*, 426 F.3d 187, 196 (2d Cir. 2005). However, the second step of the Court's due process inquiry "asks

6

what process was due to the plaintiff, and . . . whether that constitutional minimum was provided" here. *Narumanchi v. Bd. of Trs. of Conn. State Univ.*, 850 F.2d 70, 72 (2d Cir. 1988) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333-34 (1976)). Defendants contend that "plaintiff's reliance on the collective bargaining agreement actually shows no deprivation of a vested property right and an extensive amount of process." (Docket No. , p. 5). The Court agrees.

> "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established state procedures and (b) claims based on random, unauthorized acts by state employees. In the latter case, the Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property or liberty, so long as the State provides a meaningful postdeprivation remedy."

*Hellenic Am. Neighborhood Action Comm. v. City of N.Y.*, 101 F.3d 877, 880 (2d Cir. 1996)(internal citations omitted).

The allegations contained in counts one, six and eight of the proposed pleadings assert that plaintiff was deprived of an adequate pre-deprivation hearing (counts one and six) and prompt post-deprivation proceedings (count eight). Plaintiff further alleges that during his pre-termination hearing, he was: prevented from invoking the discretion of the "final decision maker" (counts two and seven); prevented from presenting a defense (counts three and four); and subjected to a vague determination of guilt (count five). The remaining procedural due process claims allege that

7

defendants relied on an unconstitutionally-vague "potential danger" provision of Article 33 of the CBA when they suspended him without pay prior to his termination (counts 22 through 24).

With respect to the pre-deprivation hearing claims, the "Factual Statement" contained in plaintiff's proposed amended complaint establishes that he was afforded notice of the disciplinary charges against him and a pre-termination hearing during which he was represented by counsel, his testimony was taken, and he was able to present evidence. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 547-48 (1985) (holding that "all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures."). Plaintiff's other claims concerning the hearing itself are devoid of any facts that could be liberally construed to give rise to due process violations. To the extent that the proposed pleadings can be construed to assert a procedural due process violation based on his unpaid suspension due to the "potential danger" provision, plaintiff has not set forth any facts to satisfy either step of the Court's due process analysis.

Further, the only reference a violation of plaintiff's post-deprivation rights is the brief mention of his pre-termination hearing held on February 11, 2016 in count eight of the proposed amended complaint. The Court notes, however, that plaintiff's pre-

8

termination hearing has no bearing on the existence of post-termination procedures.

For these reasons, the Court finds that plaintiff has failed to sufficiently allege that he was deprived of his procedural due process rights. Although an amended complaint may be able to demonstrate plaintiff's property interest in his continued employment pursuant to a "just cause" provision of the CBA, the proposed pleadings fail to allege a violation of his constitutional due process rights. Consequently, plaintiff's motion for leave to amend the complaint as to these claims is denied. In light of the foregoing, the Court denies plaintiff's motion for leave to file an amended complaint in its entirety. This action will therefore proceed in accordance with the Court's February 6, 2017 Decision and Order.

**IV. Conclusion**

For the reasons set forth above, plaintiff's motion to modify (Docket No. 25) is granted. Plaintiff's motion for reconsideration (Docket No. 24) and his motion for leave to file an amended complaint (Docket No. 23) are denied in all respects.

**IT IS SO ORDERED.**

                                        S/Michael A. Telesca
                                        _____
                                          MICHAEL A. TELESCA
                                       United States District Judge

Dated:    May 18, 2017
           Rochester, New York