UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DWAYNE FREEMAN,

        Plaintiff,

  v.

ROCHESTER PSYCHIATRIC CENTER,

        Defendants

DECISION & ORDER

16-CV-6668T

---

  On October 11, 2016, *pro se* plaintiff Dwayne Freeman ("plaintiff") filed this action against Christopher Kirisits, Phil Griffin, Colomba Misseritti, Doug Lee, Cynthia Crowell, Linda Gray, Lidia Colak, Thomas Rinaldo, Andrew Cuomo, and the Rochester Psychiatric Center (the "defendants") under 42 U.S.C. § 1983 and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et. seq*.[1] (Docket # 1). Currently before this Court is plaintiff's request for appointment of counsel. (Docket # 53).

  It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see*, *e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

---

[1] By Decision and Order dated February 6, 2017, the Hon. Michael A. Telesca granted defendants' motion to dismiss and dismissed all claims against defendants Kirisits, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Rinaldo, and Cuomo. (Docket # 17).

> 1. Whether the indigent's claims seem likely to be of substance;
>
> 2. Whether the indigent is able to investigate the crucial facts concerning his claim;
>
> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 58, that the appointment of counsel is not necessary at this

time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* Plaintiff has not done so at this stage. In this case, plaintiff requests appointment of counsel on the grounds that he is having difficulty "keeping up with his caseload," noting that he has three pending cases – two in the District Court and one in the Court of Appeals, and that he needs financial help with copying costs. (Docket # 53 at ¶ 5). A query of this District's docket of civil cases reveals that plaintiff currently has only one case pending in this District (one having been dismissed in September 2017) and that his interlocutory appeal in this case was dismissed in November 2017. In any event, he is free to make an application for an extension of court-ordered deadlines if he believes he needs more time due to litigation demands. On this record, plaintiff's request for the appointment of counsel **(Docket # 53)** is **DENIED without prejudice** at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
December 7, 2017