UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                       Plaintiff,

        v.

ROCHESTER PSYCHIATRIC CENTER,

                   Defendant.
_____

<u>DECISION & ORDER</u> and
<u>REPORT & RECOMMENDATION</u>

16-CV-6668T

Plaintiff Dwayne Freeman ("Freeman") filed this action against Rochester Psychiatric Center ("RPC") asserting a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.*, arising out of his employment with and subsequent termination from RPC. (Docket # 1). Currently pending before the Court is Freeman's second motion to amend the complaint. (Docket # 84). For the reasons discussed below, Freeman's motion to amend is granted in part, and I recommend that the motion be denied in part.

## PROCEDURAL BACKGROUND

Freeman's original complaint asserted twenty-five causes of action against ten defendants. (Docket # 1). It included claims for violations of Freeman's procedural due process rights (Counts 1-8, 21-24), substantive due process rights (Counts 9-16), and equal protection rights (Counts 17-20), and for a violation of Section 504 of the Rehabilitation Act (Count 25). (*Id.*). The claims were asserted against RPC, several of its employees, including Christopher Kirisits ("Kirisits"), Phil Griffin ("Griffin"), Colomba Misseritti ("Misseritti"), Doug Lee

("Lee"), Cynthia Crowell ("Crowell"), Linda Gray ("Gray"), and Lidia Colak ("Colak"), Thomas Rinaldo ("Rinaldo"), an attorney and arbitrator, and Andrew Cuomo ("Cuomo"), the Governor of New York. (*Id.*). In a Decision and Order dated February 6, 2017, the District Court granted defendants' motion to dismiss all defendants except RPC and all claims except the Section 504 claim. (Docket # 17).

Freeman sought reconsideration of the District Court's decision and to amend the complaint, seeking to reallege the dismissed claims against all of the previously named defendants. (Docket ## 23, 24). Those motions were denied. (Docket # 43).

On February 16, 2018, Freeman filed the pending motion for leave to file an amended complaint. (Docket # 84). A review of Freeman's motion and the proposed amended complaint demonstrates that Freeman seeks leave to allege fifty-three additional causes of action against twenty new defendants. (Docket ## 84, 84-1). First, Freeman seeks to reassert the twenty-four causes of action that the District Court has already dismissed and that Freeman has already been denied leave to replead. (*Compare* Docket # 1 at ¶¶ 137-294 (Counts 1-24) *with* Docket # 23 at 29-55 at ¶¶ 137-294 (Counts 1-24) *with* Docket ## 84 and 84-1 at ¶¶ 151-313 (Counts 1-24)). Additionally, Freeman seeks to assert essentially the same causes of action – alleging violations of his substantive and procedural due process rights and his equal protection rights – against Cuomo. (Docket # 84-1 at ¶¶ 411-513, 521-64 (Counts 35-49 and 51-54)). Freeman also seeks to add as defendants Lise Gelernter ("Gelernter"), an arbitrator, and to assert a procedural due process claim against her (Docket ## 84 at 36, ¶ 21; 84-1 at ¶¶ 383-94 (Count 32)) and Catherine Leahy Scott ("Scott"), the New York State Inspector General, and to assert a substantive due process claim against her (Docket ## 84 at 38, ¶ 29; 84-1 at ¶¶ 514-20 (Count

50)).  The due process claims against Gelernter and Scott rely upon essentially the same factual allegations as the proposed due process claims against Cuomo and the other defendants.

In addition to the claims he previously alleged, Freeman seeks to assert several new causes of action against several new defendants (Docket # 84-1 at ¶¶ 343-82, 395-410 (Counts 28-31 and 33-34)) and to assert Section 504 claims against the New York State Office of Mental Health ("OMH") and the New York State Justice Center ("Justice Center") (Docket ## 84 at 38-39, ¶¶ 28, 31; 84-1 at ¶¶ 325-42) (Counts 26 and 27).  The new causes of action include a claim against RPC, OMH and the Justice Center pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.* (Docket # 84-1 at ¶¶ 343-53 (Count 28)); a claim against OMH and RPC pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (*id.* at ¶¶ 354-61 (Count 29)); a claim against Kirisits, Gray, Lee, Misseritti and Griffin that they violated Freeman's equal protection rights by treating him differently based upon his gender (*id.* at ¶¶ 362-74 (Count 30)); a claim against Kirisits, Vicky Eudell ("Eudell"), Lee, Colak, Crowell, Matthew Matney ("Matney"), John Burrows ("Burrows"), and Griffin pursuant to 42 U.S.C. § 1983 for abuse of process (*id.* at ¶¶ 375-82 (Count 31)); and claims against Kirisits, Cuomo, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Rinaldo, Gelernter, Burrows, Matney, Eudell, Linda Ronda ("Ronda"), Justice Center Officer, B.E.R. Field Agent, and B.E.R. Director pursuant to 42 U.S.C. § 1983 for violations of the ADA and the Rehabilitation Act (*id.* at ¶¶ 395-410) (Counts 33 and 34)).

Defendant opposes the motion to amend, maintaining that the proposed amendments are futile, and that the proposed complaint and proposed addition of new defendants violate Rules 8, 18 and 20 of the Federal Rules of Civil Procedure.  (Docket # 101).  Regarding the proposed Title VII and ADA claims, defendant maintains that they are futile because

Freeman failed to timely seek relief from the Equal Employment Opportunity Commission ("EEOC").  (*Id.* at 3).  Regarding the proposed abuse of process claim, RPC maintains that it is barred as a matter of law because Freeman failed to pursue an Article 78 proceeding.  (*Id.*).  Additionally, defendant contends that any claims asserted against the arbitrators Gelernter and Rinaldo are futile because they are entitled to absolute judicial immunity.  (*Id.* at 4).  To the extent Freeman seeks to assert any state law claims, defendant argues, such claims are barred by Eleventh Amendment immunity.  (*Id.* at 4-5).  Finally, defendant contends that any claims against Cuomo and Scott are barred because the doctrine of *repondeat superior* is inapplicable to claims asserted under 42 U.S.C. § 1983.  (*Id.* at 5).

In reply, Freeman maintains that his proposed amended complaint complies with the Federal Rules of Civil Procedure and that the length of the pleading owes to the number of claims and defendants at issue.  (Docket # 109 at 1-3).  With respect to the Title VII and ADA claims, Freeman argues that his claims are timely because the last adverse employment action occurred on April 16, 2016, and he filed this action on October 11, 2016, approximately 176 days later.  (*Id.* at 4-5).  He further urges this Court to waive the EEOC filing requirement.  (*Id.*).  As to the abuse of process claims, Freeman maintains that they are Section 1983 claims which are not required to be litigated first through an Article 78 proceeding.  (*Id.* at 6).  Regarding Gelernter, Freeman disputes that she enjoys absolute judicial immunity.  (*Id.* at 6-7).  As to the claims against Cuomo and Scott, Freeman contends that he has adequately pled their personal involvement in the alleged constitutional violations.  (*Id.* at 8-11).  Finally, Freeman asserts that the District Court's previous decisions are not binding because he seeks to assert claims against the defendants in different capacities than he did in his previous complaints.  (*Id.* at 12).

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. The determination whether a proposed amendment is futile is made under the same standard as that used to determine whether a claim would be subject to a motion to dismiss. *See Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119, 123 (E.D.N.Y. 2003) (citing *A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 160 F. Supp. 2d

657, 666 (S.D.N.Y. 2001), *overruled on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)).  The proposed amended claim must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, it "must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557); *Sengillo v. Valeo Elec. Sys., Inc.*, 536 F. Supp. 2d 310, 312 (W.D.N.Y. 2008) (applying *Bell Atl. Corp.* standard), *aff'd*, 328 F. App'x 39 (2d Cir. 2009).

The *Twombly* "plausibility standard" applies to complaints brought by *pro se*, as well as represented, plaintiffs.  *Sowell v. Chappius*, 695 F. Supp. 2d 16, 18 (W.D.N.Y. 2010). "[A]ll pleadings, *pro se* or otherwise, must contain enough factual allegations to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Id.* (omission in original) (quoting *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008)).  That said, "[a] document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted), although it still must comply with the pleading requirements of the Federal Rules of Civil Procedure, *White v. Drake*, 2011 WL 4478921, *6 (N.D.N.Y. 2011).  Further, although the court is required to "draw the most favorable inferences that [the] complaint supports, [it] cannot invent factual allegations that [the plaintiff] has not pled."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### A.    Section 504 Claims (Counts 26-27)

In addition to the pending Section 504 claim against RPC, Freeman seeks leave to amend his complaint to assert the same cause of action against two new defendants, OMH and

the Justice Center.  To state a claim pursuant to Section 504 of the Rehabilitation Act, a plaintiff must allege that:  (1) his employer is subject to the Rehabilitation Act; (2) he was disabled within the meaning of the Rehabilitation Act; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and, (4) he suffered an adverse employment action because of his disability.  *See Quadir v. N.Y.S. Dep't of Labor*, 39 F. Supp. 3d 528, 540 (S.D.N.Y. 2014) (quoting *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004)).

With respect to OMH, Freeman alleges that he attempted to arrange an interactive process interview with Eudell, an officer with OMH, who was responsible for coordinating reasonable employment accommodations.  (Docket ## 84 at 17 at ¶ 24, 37 at ¶ 24; 84-1 at ¶¶ 325-34).  According to Freeman, Eudell refused to assist Freeman, telling him that she was too busy and was about to leave for vacation.  (*Id.*).  According to Freeman, he was ultimately terminated from his employment after he refused to work in the geriatric unit due to his anxiety issues, and his request for an accommodation was ignored by OMH.  (*Id.*).  Freeman further alleges that during related administrative proceedings Burrows, an OMH labor specialist, suggested that Freeman had fabricated his disability.  (*Id.*).  Based upon the liberal construction to be afforded *pro se* pleadings, I find that Freeman has adequately alleged that OMH failed to reasonably accommodate his alleged disability in violation of the Rehabilitation Act.[1]

I reach a different conclusion with respect to the Justice Center.  Freeman's proposed amended complaint contains few allegations, if any, regarding the Justice Center's alleged involvement in his pursuit of an accommodation.  Indeed, the record does not reveal that

---

[1]  Because Freeman seeks to add a new defendant, his proposed amended complaint must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties.  Fed. R. Civ. P. 20(a).  Defendant opposes the addition of OMH to the action under Rule 20(a), but I find that the addition of OMH is proper under Rule 20(a).

the Justice Center had any role or responsibilities relating to Freeman's employment, the decision whether to grant him accommodations, or the decision to suspend or terminate him. Freeman simply alleges that the Justice Center "received a report and it failed to act." (Docket ## 84 at 17 at ¶ 8; 84-1 at ¶¶ 338-39). Without more, Freeman's motion for leave to assert a Section 504 claim against the Justice Center should be denied.

### B.  Equal Protection Claim (Count 30)

I turn next to Freeman's proposed claim against proposed new defendants Kirisits, Gray, Lee, Misseritti and Griffin for gender-based discrimination in violation of the Equal Protection Clause.[2] (Docket # 84-1 at ¶¶ 362-74). Although defendant opposes Freeman's motion to amend on the grounds that Freeman's proposed amended complaint seeks to add an excessive number of claims and defendants, RPC has not specifically challenged the addition of this particular claim on the grounds of futility. (Docket # 101).

In contrast to Freeman's other proposed equal protection claims discussed *infra*, which are not based upon his status as a member of a protected class, this claim alleges that Freeman was treated differently than a female coworker. (Docket # 84-1 at ¶¶ 362-74). Freeman maintains that both he and a female coworker with the same title (Mental Health Therapy Aide ("MHTA")) requested reasonable accommodations due to their disabilities and that defendants responded differently to them. (*Id.*). According to Freeman, defendants impeded his attempt to engage in an interactive process, suggested that he fabricated his symptoms, suspended him, and ultimately terminated him. (*Id.*). By contrast, according to Freeman,

---

[2]  Again, because Freeman seeks to add new defendants, his proposed amended complaint must also be evaluated under Rule 20(a) of the Federal Rules of Civil Procedure, which governs joinder of additional parties. Fed. R. Civ. P. 20(a). RPC opposes the addition of these defendants to the action under Rule 20(a), but I find that the addition of the proposed defendants, all of whom apparently were supervisory employees of RPC, is proper under Rule 20(a).

defendants responded to his female coworker's request for accommodation in a different manner. (*Id.*).

To state a Section 1983 disparate treatment claim for sex discrimination in the employment context, Freeman must allege that "(1) []he is a member of a protected class; (2) [his] job performance was satisfactory; (3) []he suffered [an] adverse employment action; and (4) the action occurred under conditions giving rise to an inference of discrimination." *Raspardo v. Carlone*, 770 F.3d 97, 125 (2d Cir. 2014) ("a § 1983 claim for sex discrimination is analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)"). An inference of discrimination can be asserted through facts alleging that any employer treated him "less favorably than a similarly situated employee outside of the protected group." *Id.* (internal quotation omitted).

A less-stringent similarity standard applies to claims alleging discrimination on the basis of membership in a protected class. *See Neilson v. D'Angelis*, 409 F.3d 100, 106 (2d Cir. 2005) ("[w]here a plaintiff in a class of one equal protection class relies on similarity alone, a more stringent standard must be applied than is applied in a [protected class] discrimination case"), *abrogated on other grounds*, *Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008); *Buckner v. Cty. of Sullivan*, 2015 WL 437408, *5 (S.D.N.Y. 2015) ("[p]roving disparate treatment based on membership in a protected class does not require the same extremely high level of similarity that is required in the class of one context because plaintiffs asserting those claims are attempting to prove that the government's treatment was arbitrary and irrational") (internal quotations and brackets omitted). In this context, "[s]imilarly situated does not mean identical, but rather 'a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases.'" *Walker v. City of New York*, 2010 WL 5186779, *7 (E.D.N.Y. 2010) (quoting *Graham*

*v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)).  Further, "it is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"  *Ullah v. N.Y.C. Dep't of Educ.*, 2012 WL 4471533, *3 (S.D.N.Y. 2012) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

      I find that Freeman, a *pro se* litigant, has sufficiently alleged that he was treated differently than his female coworker in response to their requests for an accommodation. (Docket # 84-1 at 362-74).  Specifically, Freeman alleges that they both held the same position and requested accommodations, but that his request was met with resistance, suspension, and ultimately termination, while his female coworker's request was not.  (*Id.*).  These allegations are sufficient, at the pleading stage, particularly in the absence of any futility arguments raised by RPC, to give rise to an inference of unlawful discrimination.[3]  *See Chepak v. Metro. Hosp.*, 555 F. App'x 74, 76 (2d Cir. 2014) (summary order) ("[plaintiff's] complaint alleged that she is a woman, that she sought promotion to a status and pay level held by similarly situated males, and was denied[;] [e]specially in light of her *pro se* status, those allegations were sufficient to state a claim"); *Perry v. State Ins. Fund*, 83 F. App'x 351, 354 (2d Cir. 2003) (summary order) (plaintiff's allegations that she was black and that her request for accommodation was denied while her white coworker's requests were granted was sufficient to give the defendant fair notice of the elements of her race discrimination claim); *Ullah v. N.Y.C. Dep't of Educ.*, 2012 WL 4471533 at *3 (*pro se* plaintiff's allegations that he was subjected to heightened inspection and denied requests for accommodations while other teachers were granted such accommodations

---

[3] Some disagreement exists as to whether a "majority" plaintiff (one who is a member of the traditionally majority class – such as men in the gender discrimination context or Caucasians in the racial discrimination context) must plead "'background circumstances' reflecting that the defendant is 'that unusual employer who discriminates against the majority.'"  *See Riccobono v. Crew*, 2010 WL 11602749, *4 n.1 (E.D.N.Y. 2010) (quoting *Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 80 n.5 (2d Cir. 2009)).  I need not address this issue because defendants have not opposed the proposed Section 1983 claim on this ground.

was "sufficient to support an inference of discrimination at the pleading stage").  Accordingly, Freeman is granted leave to amend his complaint to assert this claim against Kirisits, Gray, Lee, Misseritti and Griffin.

### C.    Claims Already Determined to be Futile (Counts 1-24, 32, 35-54)

Freeman seeks leave to amend his complaint to replead the procedural and substantive due process claims and equal protection claims (Counts 1-24), which the District Court has already determined are insufficient to state a claim for relief.  (Docket ## 17, 43).  For the reasons stated in the District Court's February and May 2017 decisions, I recommend that Freeman be denied leave to amend his complaint to assert these claims.

Freeman also seeks to assert these same procedural due process, substantive due process, and equal protection claims against Cuomo.  (Docket # 84-1 at ¶¶ 411-513, 521-64 (Counts 35-49 and 51-54)).  Whether or not the District Court's prior decisions are legally preclusive of the claims against Cuomo (*see* Docket ## 84 at 6-13; 109 at ¶¶ 69-70), the proposed claims against Cuomo suffer from the same pleading defects identified by the District Court in the February and May 2017 decisions and are thus futile for the same reasons.

For example, Freeman seeks to assert three equal protection claims against Cuomo in the proposed amended complaint.  (Docket # 84-1 at ¶¶ 521-54 (Counts 51, 52 and 53)).  The allegations of these claims largely mirror the allegations Freeman asserted in his original complaint, which were determined to be deficient.  (*Compare* Docket # 1 at ¶¶ 231-40, 251-60 (Counts 18 and 20) *with* Docket # 84-1 at ¶¶ 521-54 (Counts 51, 52 and 53)).  In essence, Freeman alleges that he was treated differently than another RPC employee, who allegedly also refused a direct order for health reasons.  (*Id.*).  According to Freeman, the defendants selectively enforced Article 33 of the Collective Bargaining Agreement against him, but not against this

other employee. (*Id.*). In his new proposed amended complaint, Freeman seeks to hold Cuomo liable because Freeman sent him a letter in February 2018 about the treatment. (Docket ## 84 at 24 at ¶ 42; 84-1 at 65-79 (Ex. T)).

In the District Court's February 2017 decision, the district judge determined that these allegations failed to state a claim because Freeman's "conclusory allegations that he was treated differently from another employee with the same job title and responsibilities are wholly insufficient to establish that 'no rational person could regard the circumstances of the plaintiff to differ from those of the comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy.'" (Docket # 17 at 10-11 (citing *Neilson v. D'Angelis*, 409 F.3d at 104). The district judge observed that "[a]part from their job titles, plaintiff does not allege any facts to suggest that he and the other named employee were similarly situated in relevant respects or how they were treated differently." (*Id.* at 11). Accordingly, the District Court dismissed the claims with prejudice and subsequently denied Freeman leave to reassert them in a proposed amended complaint for the same reasons.[4] (Docket ## 17 at 11; 43 at 4-5).

The allegations in Freeman's proposed amended complaint now pending before the Court largely mirror those contained in his previous complaint. (Compare Docket # 1 at ¶¶ 234-39, 254-59 *with* Docket # 84-1 at ¶¶ 524-30, 536-42, 548-53). Significantly, Freeman has

---

[4] Moreover, the weight of authority in the Second Circuit suggests that because Freeman was a public employee, his equal protection claims at issue here – which do not allege that he was treated differently based upon his membership in a protected class – are not cognizable. *See Appel v. Spiridon*, 531 F.3d 138, 141 (2d Cir. 2008) (*per curiam*) ("the Equal Protection Clause does not apply to a public employee asserting a violation of the Clause under a 'class of one' theory") (*citing Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008)); *Mancuso v. Vill. of Pelham*, 2016 WL 5660273, *14 n.16 (S.D.N.Y. 2016) ("[d]espite the persuasive reasoning of the district courts that have held selective enforcement claims barred in the public employment context, . . . this [c]ourt, in an abundance of caution, will address the merits of [p]laintiff's selective enforcement claim"); *Heusser v. Hale*, 777 F. Supp. 2d 366, 388 (D. Conn. 2011) ("[t]he opinion in *Massi* evidences a movement by the Second Circuit toward holding that *Engquist* bars 'selective enforcement' claims in the public employment context[;] . . . [t]hus, both *Massi* and precedent within this Circuit suggest that *Engquist* properly bars selective enforcement claims involving an employer's malicious, arbitrary, or irrational conduct") (citing *Massi v. Flynn*, 353 F. App'x 658 (2d Cir. 2009) (summary order), *cert. denied*, 559 U.S. 1107 (2010)).

not added any new allegations explaining how he and the other employee were so similarly situated that any differential treatment could not have been justified by a legitimate basis. In the absence of such allegations, these claims suffer from the same deficiencies as the previously asserted claims.

The procedural due process and substantive due process claims that Freeman seeks to assert against Cuomo should be precluded for the same reasons. Freeman now seeks to assert against Cuomo ten procedural due process and five substantive due process claims. (Docket # 84-1 at ¶¶ 411-513, 555-64 (Counts 35-49, 54)). With respect to the procedural due process claims, Freeman alleges the same deprivations contained in the previous iterations of his complaint: that he was deprived of an adequate pre-deprivation hearing (*compare* Docket # 1 at ¶¶ 137-41, 162-66 (Counts 1 and 6) *with* Docket # 84-1 at ¶¶ 411-23, 442-54 (Counts 35, 36, 40, 41)); that he was deprived of prompt post-deprivation proceedings (*compare* Docket # 1 at ¶¶ 119-20, 127-28, 172-76 (Factual Statements and Count 8) *with* Docket # 84-1 at ¶¶ 455-71 (Counts 42 and 43)); that he was prevented from presenting a defense (*compare* Docket # 1 at ¶¶ 147-56 (Counts 3 and 4) *with* Docket # 84-1 at ¶¶ 424-35 (Counts 37 and 38)); that he was subjected to a vague determination of guilt (*compare* Docket # 1 at ¶¶ 157-61 (Count 5) *with* Docket # 84-1 at ¶¶ 436-41 (Count 39)); and that Article 33 of the Collective Bargaining Agreement was unconstitutionally vague (*compare* Docket # 1 at ¶¶ 286-94 (Count 24) *with* Docket # 84-1 at ¶¶ 555-64 (Count 54)). The District Court has already determined that these contentions, even if true, fail to "sufficiently allege that [Freeman] was deprived of his procedural due process rights." (Docket # 43 at 8-9).

Similarly, Freeman's proposed substantive due process claims against Cuomo reassert the same allegations from his previous complaint that the District Court found to be

deficient.  (*Compare* Docket # 1 at ¶¶ 177-81, 187-91, 197-220 (Counts 9, 11, 13-16) *with* Docket # 84-1 at ¶¶ 472-513 (Counts 44-49)).  Freeman's proposed amended complaint does not provide any new factual allegations regarding defendants' conduct.  Accordingly, I find that Freeman's proposed amendments fail to allege sufficiently egregious conduct to state a substantive due process claim (*see* Docket # 43 at 5-6) and recommend denial of his request for leave to assert these claims.

I reach the same conclusion with respect to the proposed procedural due process claim against Gelernter and the proposed substantive due process claim against Scott.  (Docket # 84-1 at ¶¶ 383-94, 514-20 (Counts 32 and 50)).  The factual allegations contained in these proposed claims are virtually identical to those contained in the proposed claims against Cuomo.  (*Compare* Docket # 84-1 at ¶¶ 383-94, 514-20 (Counts 32 and 50) *with* ¶¶ 455-62, 500-506 (Counts 42 and 48)).  Thus, Freeman's request to add Gelernter and Scott as defendants to the action and to assert these claims against them should be denied for the same reasons.

### D.   Abuse of Process (Count 31)

I turn next to Freeman's proposed claim for abuse of process pursuant to Section 1983 against proposed defendants Kirisits, Eudell, Lee, Colak, Crowell, Matney, Burrows, and Griffin.  (Docket # 84-1 at ¶¶ 375-82 (Count 31)).  Freeman asserts that these defendants engaged in malicious abuse of process against him by instituting and participating in the Article 33 proceeding.  (Docket # 84 at 22).  Freeman's proposed Section 1983 claim for abuse of process is futile because the Second Circuit recognizes Section 1983 claims for abuse of criminal, *not civil*, process.  *See DeMartino v. N.Y.S. Dep't of Labor*, 167 F. Supp. 3d 342, 372 (E.D.N.Y. 2016) ("[a]lthough a cause of action might exist for abuse of civil process under New York state law, . . . plaintiffs face an insurmountable obstacle under its § 1983 analogue because

of the civil – as opposed to criminal – nature of the alleged abuse of process[;] . . . [t]he Second Circuit has permitted § 1983 claims predicated on malicious prosecution or abuse of process in the criminal context, but it has foreclosed § 1983 claims grounded on an abuse of civil process") (citing *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir.), *cert. denied*, 506 U.S. 819 (1992)), *aff'd in part, dismissed in part*, 712 F. App'x 24 (2d Cir. 2017); *Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 524 (S.D.N.Y.) ("§ 1983 liability is triggered by criminal, not civil, process . . . [a]s [plaintiff's] claim is based upon his civil commitment without a warrant, it fails as a matter of law"), *reconsidered in part*, 133 F. Supp. 3d 563 (S.D.N.Y. 2015); *Douglas v. N.Y.S. Adirondack Park Agency*, 895 F. Supp. 2d 321, 376 (N.D.N.Y.) ("use of process in a civil proceeding cannot give rise to a Section 1983 abuse-of-process claim"), *reconsidered in part*, 2012 WL 5364344 (N.D.N.Y. 2012); *D'Onofrio v. City of New York*, 2010 WL 4673879, *9 (E.D.N.Y.) ("plaintiff's claim fails because a claim for malicious abuse of *civil* process is not cognizable under 42 U.S.C. § 1983"), *report and recommendation adopted by*, 2010 WL 4673948 (E.D.N.Y. 2010).  Accordingly, I recommend that Freeman's motion to amend to assert this claim be denied.

### E.    Title VII Claim (Count 29)

Freeman also seeks to assert a claim against RPC and OMH under Title VII of the Civil Rights Act of 1962, 42 U.S.C. §§ 2000e, *et seq*.  (Docket ## 84 at 19-20; 84-1 at ¶¶ 354-61 (Count 29)).  RPC has opposed the addition of this claim on the grounds that Freeman failed to exhaust his administrative remedies by filing a complaint with the EEOC.  (Docket # 101 at 3).  Freeman concedes that he has not filed a complaint with the EEOC, but requests that the Court waive this procedural requirement and permit his claim to go forward because he has been otherwise diligent in pursuing relief.  (Docket ## 84 at 18-20, ¶¶ 14-16, 24; 109 at ¶ 22).  "As a

precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC."[5]  *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018).  Although courts may waive this requirement in some instances, they generally do so only where a plaintiff demonstrates that he made an effort – even if unsuccessful – to procure a right to sue letter from the EEOC.  *See Caputo v. Copiague Union Free Sch. Dist.*, 218 F. Supp. 3d 186, 192 (E.D.N.Y. 2016) ("[f]or the [c]ourt to waive a plaintiff's failure to obtain a right to sue letter, the plaintiff must show or allege that he made an effort to procure the right to sue letter or that he raised the failure to issue a right to sue letter with the EEOC"); *Chiari v. N.Y. Racing Ass'n Inc.*, 972 F. Supp. 2d 346, 362-63 (E.D.N.Y. 2013) (same).  In support of his motion to amend, Freeman has not shown that he did so; nor does the record establish any other legal or equitable basis on which to excuse his failure to comply with the statutory EEOC filing requirement.  Under these circumstances, I recommend that his request for leave to assert this claim be denied on the grounds that he failed to exhaust his administrative remedies.

## F.    ADA Claim (Count 28)

I turn next to Freeman's proposed claim pursuant to Title II of the ADA, 42 U.S.C. § 12132.  Freeman seeks to assert a claim against the Justice Center, OMH and RPC, maintaining that he suffered an adverse employment action when they improperly failed to accommodate his disability.  (Docket # 84-1 at ¶¶ 343-53 (Count 28)).  Defendant opposes Freeman's request on the grounds that he failed to file a complaint with the EEOC before

---

[5]  Failure to exhaust is an affirmative defense that is subject to equitable defenses, and the defendant has the burden of pleading and proving failure to exhaust.  *Hardaway v. Hartford Public Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018).  RPC raised the defense in its opposition to the motion to amend, and the issue is thus properly before the Court.  *See Melendez v. POP Displays USA*, 2018 WL 3611934, *5 (S.D.N.Y. 2018) (dismissing Title VII claims for failure to exhaust); *Hunt v. Con Edison Co. N.Y.C.*, 2018 WL 3093970, *4 (E.D.N.Y. 2018) (dismissing Title VII claim for failure to exhaust; defendant timely raised the defense in connection with pre-answer motion to dismiss).

seeking to bring this claim in federal court.  (Docket # 101 at 3).  Freeman concedes that he has

not filed with the EEOC, but again asks that the Court to waive the requirement because he has

diligently pursued his claims in federal court.  (Docket # 84 at 18, ¶¶ 14-16).

        Freeman's allegations fail to state claim pursuant to Title II of the ADA.  The

Second Circuit has determined that employment discrimination claims, even those brought by

public employees, must be brought pursuant to Title I of the ADA, not Title II – so long as the

employer employs fifteen or more people.  *Mary Jo C. v. N.Y.S. & Local Ret. Sys.*, 707 F.3d 144,

170-71 (2d Cir. 2013).  The Court can take judicial notice of the fact that RPC and OMH employ

more than fifteen employees.[6]  *Schwartz v. N.Y.S. Ins. Fund*, 2018 WL 3442962, *4 (S.D.N.Y.

2018) ("facts are subject to judicial notice under Federal Rule of Evidence 201(b) when 'they are

not subject to reasonable dispute, are generally known within the trial court's territorial

jurisdiction, and can be accurately and readily determined from source whose accuracy cannot

reasonably be questioned") (quoting *In re Sept. 11 Litig.*, 751 F.3d 86, 90 n.1 (2d Cir. 2014)).

Accordingly, Freeman should be denied leave to assert a claim pursuant to Title II of the ADA.

*See Mary Jo C. v. N.Y.S. & Local Ret. Sys.*, 707 F.3d at 172 (affirming dismissal of plaintiff's

Title II claims); *Schwartz v. N.Y.S. Ins. Fund*, 2018 WL 3442962 at *4 ("[p]laintiff fails to state

an employment discrimination claim under Title II of the ADA"); *Henny v. N.Y.S.*, 842

F. Supp. 2d 530, 550 (S.D.N.Y. 2012) ("the [c]ourt finds that Title II of the ADA does not cover

employment discrimination claims").

        Moreover, although Freeman's complaint makes clear that he seeks to assert his

claim pursuant to Title II, even if it could be interpreted to assert an employment discrimination

claim pursuant to Title I, it would still be futile for failure to exhaust.  *See Albertelli v. Monroe*

---

[6]  With respect to the Justice Center, as discussed above, Freeman has failed to allege that the Justice
Center employed Freeman.  *See supra* at 7-8.

*Cty.*, 2012 WL 1883355, *6 (W.D.N.Y. 2012) ("[w]hether an ADA claim must first be presented to an administrative agency depends on which precise title of the ADA the claim invokes[;] . . . [plaintiff's] claim is brought under Title I of the ADA, 42 U.S.C. § 12112(a) . . . , and therefore exhaustion of administrative remedies is required") (internal quotations omitted).  In addition, as New York State agencies, RPC and OMH are entitled to Eleventh Amendment immunity for Title I claims seeking monetary damages.  *Henny v. N.Y.S.*, 842 F. Supp. 2d at 544-45; *Fleming v. State Univ. of New York.*, 502 F. Supp. 2d 324, 329 (E.D.N.Y. 2007) ("the Eleventh Amendment bars Title I suits against state defendants seeking money damages, [which] precludes plaintiff from pursuing this litigation under Title I") (citing *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001)).

### G.    1983 Claims for ADA and Section 504 Violations (Counts 33-34)

Freeman also seeks to assert Section 1983 claims against individual defendants Kirisits, Cuomo, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Rinaldo, Gelernter, Burrows, Matney, Eudell, Ronda, NYS Justice Center Officer, B.E.R. Field Agent, and B.E.R. Director. (Docket ## 84 at 13-15, 23 at ¶¶ 44-47; 84-1 at ¶¶ 395-410 (Counts 33-34).  The claims are premised on alleged violations of the ADA and Section 504 of the Rehabilitation Act.[7]  (*Id.*). Freeman maintains that these claims are cognizable under Section 1983, citing authority which he contends stands for the proposition that parallel and concurrent Section 1983 claims may be asserted along with claims under both the ADA and the Rehabilitation Act.  (Docket # 84 at 13-15).

---

[7]  Although Count 34 is titled, "1983 Action for Violation of the Americans with Disabilities Act," the substance of the allegations suggests that Freeman intends to assert the claim under the Rehabilitation Act.  (Docket # 84-1 at ¶¶ 403-10).  Given his *pro se* status, the Court will interpret the claim to be premised on the Rehabilitation Act.

RPC generally opposes the entire proposed amended complaint, and specifically opposes addition of defendants Gelernter and Rinaldo on the grounds that they are entitled to immunity for their role as arbitrators, and the addition of Cuomo, on the grounds that Freeman has failed to sufficiently allege his involvement in the alleged violations.  (Docket # 101 at 4-5).

Freeman's proposed Section 1983 claim for violation of the ADA arising out of the termination of his employment, as discussed *supra*, is not cognizable under Title II of the ADA.  *See supra* at 17.  Rather, any such claim that Freeman might have asserted would have arisen under Title I.  Courts within this Circuit have consistently held, however, that Title I of the ADA, which incorporates the enforcement provisions of Title VII of the Civil Rights Act of 1964, does not permit a cause of action pursuant to Section 1983 for violation of its provisions. *See Lener v. Hempstead Pub. Sch.*, 55 F. Supp. 3d 267, 281 (E.D.N.Y. 2014) ("to the extent [plaintiff's] claim of disability discrimination is premised upon the substantive rights provided by [Title I] of the ADA, the claim is not actionable under § 1983"); *Fierro v. N.Y.C. Dep't of Educ.*, 994 F. Supp. 2d 581, 590 (S.D.N.Y. 2014) ("[plaintiff's] claim that she was constructively discharged on the basis of her disability is not actionable under § 1983"); *Brown v. Research Found. of SUNY*, 2009 WL 1504745, *10 (N.D.N.Y. 2009) ("[b]ecause Title VII, the ADA, and the ADEA contain their own structure for private enforcement, [p]laintiff may not bring a §1983 claim premised upon the substantive rights provided by these statutes"), *aff'd*, 381 F. App'x 119 (2d Cir. 2010); *cf. Patterson v. Cty. of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ("[a] §1983 action may not, however, be brought to vindicate rights conferred only by a statute that contains its own structure for private enforcement, such as Title VII").[8]  Accordingly, I recommend denial

---

[8]  By contrast, courts within this Circuit are split regarding whether a concurrent Section 1983 claim may be asserted for violation of Title II of the ADA.  *Compare Maioriello v. N.Y.S. Office for People with Developmental Disabilities*, 2015 WL 5749879, *19 (N.D.N.Y. 2015) ("courts have uniformly held that the ADA's comprehensive remedial scheme precludes Section 1983 claims predicated on ADA violations); *Eskenazi-McGibney*

of Freeman's motion to amend his complaint to assert a Section 1983 claim for violation of the

ADA.

   I reach a different conclusion with respect to Freeman's proposed Section 1983

claim for violation of Section 504 of the Rehabilitation Act.  In order "to sustain a § 1983 action,

the plaintiff must demonstrate that the federal statute allegedly violated creates an individually

enforceable right in the class of beneficiaries to which []he belongs."  *Williams v. City of New*

*York*, 121 F. Supp. 3d at 370 (internal quotations and brackets omitted).  Once the plaintiff has

met this burden, he is entitled to a "rebuttable presumption" that the right identified is

enforceable under § 1983.  *Stahura-Uhl v. Iroquois Cent. Sch. Dist.*, 836 F. Supp. 2d 132, 145

(W.D.N.Y. 2011).  The defendant then bears the burden to demonstrate that Congress intended to

foreclose a remedy under Section 1983 for violation of the statute at issue.  *See id.*

   In his moving papers, Freeman cited caselaw, including a decision from this

district, holding that Section 1983 claims for violations of the Rehabilitation Act are cognizable.

(Docket # 84 at 13-15 (citing *Williams*, 121 F. Supp. 3d at 369-71[9] and *Stahura-Uhl v. Iroqouis*

*Cent. Sch. Dist.*, 836 F. Supp. 2d at 145-46).  Despite Freeman's reliance on this authority in his

---

*v. Connetquot Cent. Sch. Dist.*, 84 F. Supp. 3d 221, 235-36 (E.D.N.Y. 2015) ("the [c]ourt notes that to the extent [plaintiff's] claim of disability discrimination in violation of the equal protection clause is premised upon substantive rights provided by [Title II of the] ADA, the claim is not actionable under Section 1983"); *George v. N.Y.C. Transit Auth.*, 2014 WL 3388660, *3 (S.D.N.Y. 2014) ("[b]ecause the ADA's remedial scheme forecloses [plaintiff's] § 1983 claim, that claim is dismissed"); *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d 320, 336 n.9 (E.D.N.Y. 2014) ("the ADA and Rehabilitation Act create enforceable rights indicating that Congress did not intend that plaintiffs would seek redress for violations of their ADA . . . rights through the vehicle of § 1983") (internal quotations omitted); *Sinisgallo v. Town of Islip Hous. Auth.*, 865 F. Supp. 2d 307, 333 (E.D.N.Y. 2012) ("because the . . . ADA . . . contain[s] [a] comprehensive remedial scheme[], the [c]ourt agrees with those courts that have held that . . . a plaintiff cannot assert claims under Section 1983 for the deprivation of rights guaranteed by the . . . ADA") *with Williams v. City of New York*, 121 F. Supp. 3d 354, 370 (S.D.N.Y. 2015) ("[t]he [c]ourt agrees with [p]laintiff, and concludes that a private right of action under 42 U.S.C. § 1983 is available to enforce a right created by Title II of the ADA").

 [9]  The *Williams* decision actually concluded that claims under Section 1983 for violations of Title II of the ADA, which – like the Rehabilitation Act – incorporates the enforcement provisions of Title VI of the Civil Rights Act of 1964, are cognizable.  *See Williams*, 121 F. Supp. 3d at 371 ("a plaintiff can bring a cause of action under § 1983 to enforce rights protected by Title II of the ADA").  The court in *Williams* explicitly limited its holding to Title II of the ADA, recognizing that Title I of the ADA adopts a different remedial scheme.  *See id.* at 370 n.19.

initial moving papers, defendant never addressed his argument, nor has it contended that the

Section 1983 Rehabilitation Act claim is precluded.  Although Freeman is correct that certain

courts have determined that Section 1983 claims premised on violations of Section 504 of the

Rehabilitation Act are cognizable, other courts have reached a contrary determination.  *Compare*

*Payson v. Bd. of Ed. of Mt. Pleasant Cottage Sch.*, 2017 WL 4221455, *20 n.35 (S.D.N.Y. 2017)

("[a] party may bring a parallel and concurrent Section 1983 claim under the Rehabilitation

Act"); *Stahura-Uhl*, 836 F. Supp.2d at 146 ("the Rehabilitation [Act] scheme is not

'comprehensive' and does not preclude a parallel § 1983 claim"); *Rothschild v. Grottenthaler*,

716 F. Supp. 796, 801 (S.D.N.Y. 1989) ("in the absence of evidence of congressional intent to

the contrary, we conclude that § 504 of the Rehabilitation Act does not preclude an action

pursuant to 42 U.S.C. § 1983 based on handicap discrimination") *with Maioriello v. N.Y.S. Office*

*for People with Developmental Disabilities*, 2015 WL 5749879 at *19 (dismissing §1983 claim

based upon violation of the Rehabilitation Act); *Marino v. City Univ. of N.Y.*, 18 F. Supp. 3d at

336 n.9 ("[w]hile §1983 provides a cause of action for violations of federal statutes as well as the

Constitution, the ADA and Rehabilitation Act create enforceable rights indicating that Congress

did not intend that plaintiffs would seek redress for violations of their ADA and Rehabilitation

Act rights through the vehicle of § 1983") (internal quotations and brackets omitted); *Bartlett v.*

*N.Y.S. Bd. of Law Examiners*, 970 F. Supp. 1094, 1145 (S.D.N.Y. 1997) ("[u]nquestionably, the

ADA and the Rehabilitation Act provide such 'sufficiently comprehensive' remedies for

violations of plaintiff's rights that I do not countenance allowing plaintiff to recover under

§ 1983 as well") (Sotomayor, J.), *aff'd in part and vacated in part on other grounds*, 156 F.3d

321 (2d Cir. 1998), *vacated by*, 527 U.S. 1031 (1999).

As noted above, Freeman is entitled to the presumption that he may seek to enforce his statutory Rehabilitation Act rights under Section 1983, and defendant bears the burden of defeating that presumption. In light of the presumption in favor of Freeman's claim, the existence of caselaw within the Circuit recognizing the cognizability of such claims, and the absence of any substantive response by defendant to Freeman's position, I conclude that Freeman should be permitted to assert this claim against the individual defendants named, with the exception of Gelernter, Rinaldo, Ronda, NYS Justice Center Officer, B.E.R. Field Agent or B.E.R. Director.[10] *See Liparulo v. Onondaga Cent. Sch. Dist.*, 2009 WL 3790187, *9 (N.D.N.Y. 2009) (denying motion for summary judgment on Section 1983 claim for violation of Rehabilitation Act because defendants had not met their burden of demonstrating "that Congress did not intend to create the claim asserted").

Although I conclude that, at this stage and in the absence of opposition, Freeman should be permitted leave to plead the Section 1983 claim, I determine that the claim cannot go forward against Gelernter, Rinaldo, Ronda, NYS Justice Center Officer, B.E.R. Field Agent or B.E.R. Director. As explained below, Freeman has failed to allege sufficient personal involvement of Ronda, NYS Justice Center Officer, B.E.R. Field Agent, or B.E.R. Director.[11] Further, Gelernter and Rinaldo are entitled to immunity for their roles as arbitrators.

---

[10] I also find that the addition of the proposed defendants Kirisits, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Burrows, Matney, Eudell, and Cuomo is proper under Rule 20(a).

[11] In a single, conclusory paragraph, defendant opposes the addition of Cuomo as a defendant, maintaining that Freeman has failed to allege sufficient personal involvement by Cuomo. (Docket # 101 at 5). This single paragraph fails to acknowledge or address Freeman's allegations that he sent Cuomo a letter identifying the alleged wrongful conduct at issue in this case, a copy of which he attached to his proposed amended complaint, along with USPS tracking information purporting to confirm the delivery of the letter to an address in Albany, New York on February 5, 2018. (Docket ## 84 at 24, ¶ 42, at 40, ¶ 35; 84-1 at Ex. T). The Second Circuit has apparently affirmed that allegations that a defendant was informed of wrongful conduct via a letter mailed by the plaintiff may be sufficient under certain circumstances to state a claim against that defendant. *See Grullon v. City of New Haven*, 720 F.3d 133, 141 (2d Cir. 2013) (district court erred by not granting leave to amend to add allegations that plaintiff sent letter to defendant); *Toliver v. City of New York*, 530 F. App'x 90, 93 (2d Cir. 2013) (summary order) (citing *Grullon* for the proposition that "pro se allegations that a prisoner sent a letter to a warden complaining of

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Sash v. United States*, 674 F. Supp. 2d 531, 542 (S.D.N.Y. 2009) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)).  With respect to Ronda, the NYS Justice Center Official, B.E.R. Field Agent or B.E.R. Director, Freeman has not alleged any facts suggesting that these individuals were involved personally in any of the alleged constitutional violations.  Other than the conclusory allegation that these defendants "had direct participation and involvement in depriving [Freeman] of [his] constitutionally held property interest in his continued employment," the proposed amended complaint is devoid of any specific acts attributable to any of these defendants.  (Docket # 84 at 37-38 at ¶¶ 25-28).  Accordingly, Freeman should be denied leave to assert claims against these defendants.  *See Cisco v. Cuomo*, 2016 WL 1122080, *3 (N.D.N.Y. 2016) (dismissing claims for failure to allege personal involvement; "[plaintiff] has failed to plead facts suggesting that [four of the defendants] were personally involved in any alleged constitutional deprivation he allegedly suffered"); *Edwards v. Quinones*, 2010 WL 4669110, *2 (S.D.N.Y. 2010) (dismissing complaint against defendant; "aside from naming [her] as a [d]efendant, [plaintiff] makes no allegations against her").

Regarding the arbitrators, the proposed claims against them are futile because they are entitled to arbitral immunity.  The allegations in the proposed amended complaint

---

unconstitutional conditions that were not remedied are sufficient to state a claim for deliberate indifference against the warden").  At this stage, I decline to deny Freeman's request for leave to assert this claim against Cuomo.  *See Shaw v. Prindle*, 661 F. App'x 16, 18 n.1 (2d Cir. 2016) (summary order) ("[w]e note that the magistrate judge's explanation that 'merely writing letters to a defendant is insufficient to establish notice and personal involvement, . . . could be construed as contrary to our statement in *Grullon v. City of New Haven* that, at the pleading stage, a plaintiff is 'entitled to have the court draw the reasonable inference – if his amended complaint contained factual allegations indicating that the [l]etter was sent to the Warden at an appropriate address and by appropriate means – that the Warden in fact received the [l]etter, read it, and thereby became aware of the alleged conditions of which [plaintiff] complained'") (quoting *Shaw v. Prindle*, 2013 WL 9769725, *4 (N.D.N.Y. 2013) and *Grullon v. City of New Haven*, 720 F.3d at 140 41).  Nor has defendant challenged Freeman's allegations against Cuomo as insufficient under *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995), and I decline to address that issue.

against both Rinaldo and Gelernter arise directly out of their roles as arbitrators.  (Docket ## 84 at 36-37 at ¶¶ 20-21, 48-50 at ¶¶ 95-108; 84-1 at ¶¶ 383-94; *see also* Docket # 84 at 26-28 at ¶¶ 57-66).  Without citation to any authority, Freeman maintains that Gelernter does not qualify for absolute immunity because she acted in an administrative role in connection with the arbitration.[12]  (Docket # 109 at ¶¶ 32-41).  In the absence of any relevant authority to support his position that the manner of Gelernter's appointment somehow renders her ineligible for arbitral immunity, I conclude that Rinaldo and Gelernter are both entitled to absolute immunity for the proposed Section 1983 claim Freeman seeks to assert against them.  *See Linden v. District Council 1707-AFSCME, AFL-CIO*, 2010 WL 2697051, *3 (S.D.N.Y. 2010) ("[b]ecause [plaintiff's] claims against the arbitrator relate solely to the arbitral process, [the arbitrator] has immunity from civil liability and his motion to dismiss the petition as to him is thus granted"), *aff'd*, 415 F. App'x 337 (2d Cir.), *cert. denied*, 565 U.S. 910 (2011); *Lopez v. Chittenden Cty. Transp. Auth.*, 2005 WL 8154971, *9 (D. Vt. 2005) (arbitrator for binding arbitration pursuant to a collective bargaining agreement was entitled to absolute immunity; "[b]ecause [the arbitrator's] acts were within the scope of the arbitration proceedings, . . . [the arbitrator] is immune from liability and the claims against him are d[ismissed]"); *Creasey v. Metro-N. Commuter R.R.*, 1991 WL 206316, *2 (S.D.N.Y. 1991) ("[t]he arbitrators have immunity from civil liability and the complaint against them . . . cannot stand"); *Calzarano v. Liebowitz*, 550 F. Supp. 1389, 1391 (S.D.N.Y. 1982) ("the complaint refers only to acts taken by [the arbitrator] in his role as arbitrator and thus the immunity attaches . . . [and] the complaint is dismissed").  Accordingly,

---

[12]  Freeman also maintains that counsel for RPC lacks standing to oppose the proposed amendments on behalf of Gelernter.  (Docket # 109 at ¶¶ 42-46).  Yet, the Court may deny a request for leave to amend if it determines the proposed amendments are futile, and the Court is required, pursuant to 28 U.S.C. § 1915(e)(2)(B), to dismiss a complaint or any portion thereof if it fails to state a claim.  *See Rubin v. Swarts*, 2011 WL 1004838, * 2 (E.D.N.Y. 2011).

Freeman's request for leave to assert a Section 1983 claim against the arbitrators should be denied.

## CONCLUSION

### Report & Recommendation
### (Counts 1-24, 27-29, 31-33, 35-54)

For the reasons discussed above, I recommend that the District Court deny Freeman's motion to amend his complaint to assert proposed Counts 1-24, 27-29, 31-33, and 35-54. **(Docket # 84)**.  I further recommend denial of Freeman's request to add the Justice Center, Rinaldo, Gelernter, Scott, Ronda, NYS Justice Center Officer, B.E.R. Field Agent or B.E.R. Director as defendants to the action.

### Decision & Order
### (Counts 26, 30 and 34)

Freeman's motion for leave to file an amended complaint to allege the proposed claims in Counts 26, 30 and 34 of the proposed amended complaint and to add Kirisits, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Burrows, Matney, Eudell, and Cuomo as defendants to the action **(Docket # 84)** is **GRANTED**, and Freeman's request for an expedited hearing **(Docket # 84)** is **DENIED as moot**.  **Freeman is directed to submit an amended complaint setting forth in one document his original claim and the permitted claims against the new defendants**.  Such amended complaint must be filed with the Clerk of the Court by no later than **September 12, 2018**.  If Freeman elects not to file an amended complaint by that date, the original complaint shall remain the operative pleading.

25

Upon receipt of Freeman's amended complaint, because plaintiff is proceeding in this action *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendants Kirisits, Griffin, Misseritti, Lee, Crowell, Gray, Colak, Burrows, Matney, Eudell, and Cuomo without plaintiff's payment therefore, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor.  Service of the amended complaint on RPC, who has already appeared in this action, shall be made by the Clerk's mailing of a copy of the amended complaint to defendant's attorney of record.

This Court will conduct a status conference on **November 6, 2018**, at **10:00 a.m.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August 29, 2018

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

> **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

> **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

> The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

> **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

> The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

> Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**


_____
            *s/Marian W. Payson*
            MARIAN W. PAYSON
            United States Magistrate Judge


Dated: Rochester, New York
            August 29, 2018