UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                               Plaintiff,

      v.

ROCHESTER PSYCHIATRIC CENTER,

                               Defendant.
_____

DECISION & ORDER and
REPORT & RECOMMENDATION

16-CV-6668T

        Plaintiff Dwayne Freeman ("Freeman") filed this action against Rochester Psychiatric Center ("RPC") asserting a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.*, arising out of his employment with and subsequent termination from RPC. (Docket # 1). By Decision and Order dated August 30, 2018, this Court granted Freeman's motion for leave to amend his complaint to add several defendants and three causes of action (another Section 504 violation, an equal protection claim, and a Section 1983 claim based on Section 504). (Docket # 154 at 25).

        Currently pending before the Court are Freeman's motions to compel compliance with non-party subpoenas served on Lise Gelernter ("Gelernter") and the New York State Department of Labor ("DOL") (Docket ## 72, 112) and a cross-motion by Gelernter to quash the subpoena (Docket # 79). In addition, Freeman has moved for the Court's assistance to unseal a document in an unrelated case venued in the Middle District of Pennsylvania. (Docket # 87). Finally, Freeman has filed a motion to vacate an arbitration award. (Docket # 134; *see also* Docket ## 136, 146, 148). For the reasons discussed below, Freeman's motion to compel

Gelernter to comply with the subpoena is denied, and Gelernter's cross-motion to quash is granted; his motion to compel the DOL to comply with the subpoena is granted in part; his request for assistance in unsealing the document is denied. Further, I recommend that his motion to vacate the arbitration award be denied.

## MOTION TO VACATE

In his complaint, Freeman alleges that on July 20, 2015, RPC placed him on administrative leave with pay pending an investigation. (Docket # 1 at ¶¶ 108-109). On August 26, 2015, RPC informed Freeman that he was being placed on unpaid leave and his employment would be terminated. (*Id.* at ¶ 113). Freeman filed a grievance and requested an evidentiary hearing, which was scheduled for February 11, 2016. (*Id.* at ¶¶ 115-16). Gelernter was selected as the arbitrator. (Docket # 79-1 at ¶ 6 and Exhibit ("Ex.") C). During the hearing, Freeman was represented by counsel hired by the Civil Services Employees Association Union. (Docket ## 1 at ¶ 116; 147 at Ex. A). The parties were provided the opportunity to present opening arguments, examine witnesses, introduce evidence, and submit closing briefs, which were submitted to Gelernter on March 10, 2016. (Docket # 147 at Ex. A). On April 18, 2016, Gelernter issued her Opinion and Award (the "Arbitration Award") denying Freeman's grievance, finding him guilty of insubordination, and affirming the termination penalty. (*Id.*). She also determined that RPC's earlier decision to suspend Freeman without pay was supported by probable cause. (*Id.*).

Freeman seeks to vacate the Arbitration Award on the grounds that it "was made in manifest disregard of the law" because Gelernter ignored (1) his contention that RPC's policies permitted Freeman to refuse a direct order that constituted a threat to health or safety, (2) evidence that he could have been transferred to an outpatient setting, and (3) evidence from

2

his therapist that he suffered from an anxiety disorder. (Docket # 134 at ¶¶ 40-42, 47-50, 54, 60-63, 73-76). He also argues that the Arbitration Award was untimely because it was rendered more than 236 days after he was suspended without pay. (*Id.* at ¶¶ 92-98). Freeman further maintains that the "90-day time frame" within which to challenge an arbitration award does not apply to a challenge based upon manifest disregard of the law. (*Id.* at ¶¶ 99-102).

As noted above, the pending complaint in this matter asserts a single Section 504 claim. (Docket ## 17, 43). As amended, his new complaint will assert Section 504 claims (direct and under Section 1983) and an equal protection claim. (Docket # 154). None of RPC's affirmative defenses are predicated upon the Arbitration Award. (Docket # 19). Simply put, the validity of the Arbitration Award is neither part of the claims nor defenses at issue and may not be challenged through a motion filed in this action.

To the extent Freeman's motion also seeks leave to replead his procedural due process claims (*see generally* Docket ## 134 at ¶¶ 26-37; 136; 146), that request is denied for the reasons stated in my August 30, 2018 Report and Recommendation addressing the same claims.[1] To the extent Freeman seeks reconsideration of Judge Telesca's previous orders dismissing these claims and denying him leave to assert them (Docket ## 17, 42), that relief either has already been considered and denied by Judge Telesca. Accordingly, I recommend that Freeman's motion to vacate (Docket # 134; *see also* Docket ## 136, 146, 148) be denied in its entirety.

---

[1] Freeman's submissions include lengthy discussions of a purported "90-day Federal maximum" deadline by which a hearing and decision must be rendered on any challenge to a suspension without pay of a government employee. (*See*, *e.g.*, Docket ## 134 at ¶¶ 27-37, 92-98; 146 at ¶¶ 12-38; 148 at ¶¶ 5-9). Freeman relies heavily upon *Gilbert v. Homar*, 520 U.S. 924 (1997), for the proposition that "there is a 90 day maximum for government employees to be suspended without pay and deprived of their property interest before such employee is guaranteed a post-suspension ruling." (*See* Docket # 134 at ¶ 28). *Gilbert* does not stand for that proposition; rather, it cites with approval another case, *FDIC v. Mallen*, 486 U.S. 230, 243 (1988), which held that the 90-day time limit in 12 U.S.C. § 1818(g)(3) was not per se unconstitutional. *See Gilbert v. Homar*, 520 U.S. at 935.

## MOTIONS TO COMPEL/QUASH

### A.   Subpoena to Gelernter

Freeman moves for an order compelling Gelernter to comply with a subpoena seeking materials related to the arbitration proceedings.  (Docket # 72).  According to Freeman, the subpoena, which was served on Gelernter on September 7, 2017, directed Gelernter to provide responsive documents on or before October 7, 2017.  (*Id.* at ¶¶ 1-2).  The subpoena requested Gelernter's handwritten notes, a copy of the tape recording of the proceedings, transcripts of the recording, and any other media to which the recording may have been transferred.  (*Id.* at ¶ 14 and Ex. A).

On September 29, 2017, counsel for Gelernter requested and was granted an additional forty-five days until November 21, 2017 to respond to the subpoena.  (Docket ## 62, 63).  Gelernter responded to the subpoena on November 21, 2017.  (Docket # 79 at ¶ 13 and Ex. F).  She objected to each of the demands on the grounds that the materials sought were protected from disclosure by virtue of her status as an arbitrator or the confidential nature of the arbitration proceedings.  (*Id.*).  With respect to the third and fourth demands in particular, Gelernter indicated that she did not possess any responsive material.  (*Id.*).

On November 21, 2017, Freeman requested and received an extension of time until January 25, 2018, to respond to any objections posed by Gelernter.  (Docket ## 70, 71).  On November 30, 2017, he filed the pending motion to compel her compliance.  (Docket # 72).  On December 22, 2017, Gelernter opposed Freeman's motion to compel and cross-moved to quash the subpoena.  (Docket # 79).  In her papers, Gelernter acknowledges that she served as the arbitrator and that Freeman was present for the entirety of the February 11, 2016 arbitration proceedings.  (Docket # 79-1 at ¶ 7).  Gelernter admits that she recorded the proceedings using a

personal recording device and explains that she did so to supplement her handwritten notes; she states that she advised the parties that the recording was not an official recording and assured them that it would remain confidential. (*Id.* at ¶ 8). Gelernter continues to maintain that these materials are protected from disclosure because they detail her thought process and are otherwise protected by the confidentiality afforded to arbitration proceedings. (*Id.* at Ex. F).

Freeman opposes the motion to quash and challenges Gelernter's failure to provide a privilege log.[2] (Docket ## 87; 134 at ¶¶ 19-25). Freeman also asserts that arbitration materials are not immune from disclosure where their disclosure is "reasonably necessary" to "pursue some other legal right" or in the "interests of justice." (Docket ## 87 at ¶ 28; 126 at ¶¶ 1-10) (citing *Veleron Holding, B.V. v. Stanley*, 2014 WL 1569610 (S.D.N.Y. 2014)). Freeman also argues that RPC has waived any confidentiality that may attach to arbitration proceedings because it publicly disclosed the arbitration decision. (Docket # 134 at ¶¶ 4-8). Additionally, Freeman contends that Gelernter has revealed her thought process in the arbitration decision and may not therefore resist disclosure on this basis. (*Id.* at ¶¶ 14-18). Finally, Freeman maintains that Gelernter has forfeited any arbitral immunity by her violation of his procedural due process rights, disregard of the evidence and the law, and personal animus towards him. (*Id.* at ¶¶ 26-84).

The enforceability of the subpoena to Gelernter is governed by the Federal Rules of Civil Procedure, including the relevancy requirement of Rule 26. *See Hughes v. Twenty-First Century Fox, Inc.*, 2018 WL 1936096, *2 (S.D.N.Y. 2018) ("any subpoena that is issued to

---

[2] Freeman also requested that this Court assist him to obtain the unsealing of a decision in an unrelated case, *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.*, in the Middle District of Pennsylvania (No. 09-CV-01685 (M.D. Pa. Aug. 31, 2009)), and for an extension of his time to respond until after counsel for Gelernter responded to various questions Freeman communicated to him by email. (Docket # 87 at ¶¶ 16-34). These requests are denied. The sealed decision has no obvious relevance to this matter. In any event, the substance of the decision is evident from the Federal Circuit's publicly-available opinion affirming the decision. *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, 447 F. App'x 217 (Fed. Cir. 2011).

non-parties pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement") (internal quotations omitted). Having carefully reviewed Freeman's numerous and lengthy submissions in connection with the pending motions (Docket ## 72, 73, 87, 126, 134), the Court cannot discern the relevance of Gelernter's handwritten notes or the recording to the causes of action pending before the Court.

       Although Freeman contends that the materials will assist him to establish that Gelernter's decision was "arbitrary and irrational" (Docket # 87 at ¶¶ 30-31), Freeman's pending claims arise out of RPC's alleged failure to accommodate his disability and its decision to terminate him. (Docket ## 1 (Count 25); 84 (Counts 26, 30, 34)). In contrast to the due process claims that were dismissed from this action, none of the surviving causes of action arise from the arbitration proceeding. Nor, as discussed above, is the validity of the arbitration award at issue here.

       Freeman also argues that the materials are relevant because they will demonstrate that "John Burrows, on behalf of RPC, called [Freeman] a liar" during the arbitration proceedings by accusing him of fabricating his anxiety disorder and associated symptoms. (Docket # 126 at ¶¶ 6-8). John Burrows, who apparently represented RPC during the arbitration proceedings, is not a party to this action, and the relevance of his statements during those proceedings is not apparent.

       In addition, I reject Freeman's position that Gelernter did not timely respond to the subpoena. I further reject Freeman's contention that materials demonstrating Gelernter's thought process in rendering the arbitration decision are a proper subject of discovery, particularly in the absence of a clear showing of fraud, misconduct or bias. *See Hoeft v. MVL Grp., Inc.*, 343 F.3d 57, 65 (2d Cir. 2003), *overruled on other grounds by Hall St. Assocs. v.*

*Mattel, Inc.*, 552 U.S. 576 (2008). Freeman's conclusory assertions of personal animus of Gelernter towards him are unsupported by any "specific facts beyond the unfavorable arbitration decision." *See Lopez v. Chittenden Cty. Transp. Auth.*, 2005 WL 8154971, *9 (D. Vt. 2005). Accordingly, Freeman's motion to compel Gelernter's compliance with the subpoena is denied, and Gelernter's cross-motion to quash is granted.

  B.  **<u>Subpoena to Department of Labor</u>**

Freeman's motion directed to the DOL subpoena compels a different result. (Docket # 112). That subpoena seeks materials related to the DOL's determination of his eligibility to receive unemployment benefits. (*Id.*). Such documents appear relevant to Freeman's damages in this litigation.[3]

Freeman explains that he attempted to subpoena the records from the DOL's local office and was informed that the subpoena should be hand-delivered to the Central Office, faxed to the Records Access Officer, or emailed to subpoenas@labor.ny.gov. (*Id.* at ¶¶ 1, 10-13 and Ex. B). Freeman emailed the subpoena to the email address provided. (*Id.* at ¶¶ 14-15).

Freeman maintains that a legal assistant with the DOL responded by advising him that he needed to provide an authorization for release of the records. (*Id.* at ¶¶ 15-18 and Ex. C). By letter dated May 4, 2018, Freeman provided notarized authorization forms and requested that the subpoenaed documents be mailed to his address. (*Id.* at ¶¶ 21-24 and Ex. D).

Freeman filed the pending motion six days later; he served it on opposing counsel and mailed a copy to the legal assistant at the address listed in her correspondence. (*Id.* at 18). On May 16, 2018, this Court issued a motion scheduling order requiring that any opposition

---

[3] Although the existence and amounts of any unemployment benefits Freeman obtained are relevant to his damages (and mitigation thereof), the name of the DOL investigator who worked on his claim and the investigator's emails or notes are not. Thus, the Court denies Freeman's request to compel these materials.

thereto be filed by June 4, 2018.  (Docket # 115).  No opposition was filed.  Given the short period between Freeman's mailing of the authorization and his filing of the pending motion, it is unclear whether the DOL produced the subpoenaed records after the motion was filed.  On this record, I grant Freeman's motion to compel the DOL to produce to him copies of his unemployment records to the extent they have not already been produced.

## CONCLUSION

For the reasons stated above, Freeman's motion for an order compelling compliance with the subpoena directed to Gelernter **(Docket # 72)** is **DENIED**, and Gelernter's cross-motion to quash **(Docket # 79)** is **GRANTED**.  Freeman's motion to compel compliance with the subpoena directed to the Department of Labor **(Docket # 112)** is **GRANTED in part and DENIED in part**.  Specifically, the motion is granted to the extent the subpoena seeks Freeman's unemployment benefits records and denied to the extent the subpoena seeks the identity of the investigator and his investigative notes and communications.  Freeman's motion requesting an order assisting in the unsealing a document in an unrelated matter **(Docket # 87)** is **DENIED**.  Further, I recommend that the district court deny Freeman's motion to vacate the arbitration award **(Docket # 134)**.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September 7, 2018

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      September 7, 2018