UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                Plaintiff,      **No. 6:16-cv-06668(MAT)(MWP)**
                                         **DECISION AND ORDER**
   -vs-

ROCHESTER PSYCHIATRIC CENTER,

                Defendant.
_____

## I. Introduction

Proceeding pro se, Dwayne Freeman ("Plaintiff") filed this action against Rochester Psychiatric Center ("RPC") asserting a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., arising out of his employment with, and subsequent termination from, RPC. This case comes before the Court upon the combined Report and Recommendation (Docket No. 159), dated September 7, 2018, issued by Magistrate Judge Marian W. Payson ("the R&R"), with regard to, inter alia, Plaintiff's Motion to Vacate the Arbitration Award (Docket No. 134). For the reasons discussed below, the Court adopts the R&R's recommendation that Plaintiff's Motion to Vacate the Arbitration Award should be denied.

## II. Discussion

"A decision of an arbitrator . . . is not totally impervious to judicial review[,]" since the Federal Arbitration ("FAA") "provides four statutory grounds for vacatur in situations that involve, generally, impropriety on the part of the arbitrators."

Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 139 (2d Cir. 2007) (footnote omitted). "In addition, a court may vacate an award if it exhibits a 'manifest disregard of the law.'" Id. (quoting Goldman v. Architectural Iron Co., 306 F.3d 1214, 1216 (2d Cir. 2002); further quotation omitted)).

Although the FAA provides for the confirmation, modification, and vacatur of arbitral awards, "it is well-settled that the FAA does not confer subject matter jurisdiction on the federal courts." Greenberg v. Bear, Stearns & Co., 220 F.3d 22, 25 (2d Cir. 2000), overruled on other grounds by Dosher v. Sea Port Grp. Secs., LLC, 823 F.3d 372, 373 (2d Cir. 2016). In Vaden v. Discover Bank, 556 U.S. 49 (2009), the Supreme Court articulated a jurisdictional standard based on "whether the parties' substantive conflict gives rise to federal-question jurisdiction." Id. at 62. It appears that the Vaden standard is met here because the "parties' substantive conflict" under Section 504 of the Rehabilitation Act "gives rise to federal-question jurisdiction[,]" id. See, Hagan v. Katz Commc'ns, Inc., 200 F. Supp.3d 435, 443 (S.D.N.Y. 2016) (Vaden standard met where the parties' "substantive conflict" was under Title VII and the Age Discrimination in Employment Act, which gives rise to federal-question jurisdiction) (citation omitted).

Plaintiff here challenges the arbitration award issued by Lise Gelertner ("Gelertner") affirming his termination from RPC on the basis that the decision evidences a "manifest disregard of the law." Plaintiff's Motion ("Pl.'s Mot.") (Docket No. 134, p. 2 of

41). A federal court's review under the doctrine of manifest disregard of the law is highly deferential and, as such, relief is rarely granted. See Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 389 (2d Cir. 2003)). To secure vacatur of an arbitral award under this doctrine requires the plaintiff to demonstrate "both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case." Wallace v. Buttar, 378 F.3d 182, 189 (2d Cir. 2004) (internal quotation marks omitted); accord, e.g., Porzig, 497 F.3d at 139.

Plaintiff asserts that Gelertner committed "improprieties" including a "manifest disregard of the evidence evinced at the February 11, 2016 hearing." Pl.'s Decl. ¶ 27 (Docket No. 134). Plaintiff asserts that Gelertner heard testimony establishing that RPC improperly and knowingly disregarded its insubordination policy, in violation of "the familiar rule of administrative law that an agency must abide by its own regulation[,]'" Pl.'s Decl. ¶ 46 (quoting Fort Stewart Sch. v. Fed. Labor Relations Auth., 495 U.S. 641. 654 (1990). Plaintiff's argument amounts to a disagreement with the arbitrator's weighing of the evidence at the hearing, which is insufficient as a matter of law to show that Gelertner "knew of a governing legal principle yet refused to apply it or ignored it altogether," Wallace, 378 F.3d at 189. Indeed, the remainder of Plaintiff's arguments, while couched as legal

violations allegedly committed by Gelertner, are variations on the same theme: that Gelertner erred in weighing the evidence and assessing the credibility of the witnesses. In short, he has failed to demonstrate that Gelertner committed any improprieties or manifestly disregarded the law. There is no basis for vacating the arbitration award.

**III. Conclusion**

For the foregoing reasons, the R&R (Docket No. 159) is **adopted**, and Plaintiff's Motion to Vacate the Arbitration Award (Docket No. 134) is **denied with prejudice**.

Because Plaintiff's First Amended Complaint has been dismissed with prejudice, and because Plaintiff's petition to vacate the arbitration award under the FAA has been denied with prejudice, this matter is concluded. Accordingly, Plaintiff's Motion to Compel and For Sanctions (Docket No. 117), Motion for Miscellaneous Relief (Docket No. 123), Motion for Miscellaneous Relief (Docket No. 148), Motion to Compel (Docket No. 155), and Motion for Miscellaneous Relief (Docket No. 158) are **denied as moot.**

The Clerk of Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: September 24, 2018
Rochester, New York